IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br>6218 Georgia Avenue, NW, Ste. 1-1235<br>Washington, DC  20011-5125,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY<br>1000 Independence Ave., SW<br>Washington, DC 20585,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-3413 |

## COMPLAINT

  Plaintiff Functional Government Initiative ("FGI") brings this action against Defendant United States Department of Energy ("DOE"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

  1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

  2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

  3. Plaintiff FGI is nonprofit corporation, exempt from federal income taxes under section 501(c)(3) of the U.S. Internal Revenue Code.  FGI is dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.

4.      Defendant United States Department of Energy is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1000 Independence Ave., S.W., Washington, D.C. 20585.  Defendant DOE has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      FGI routinely submits FOIA requests, and this matter concerns four FOIA requests submitted to Defendant, to which Defendant has failed to respond.  The requests seek records related under the purview of the agency and its components and would give the public significantly more transparency into the work the agency is doing.

6.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to FGI's FOIA requests within 20 working days of each request, but that deadline is extended to no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

7.      Former Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'"  Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

8.      With regards to FGI's FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA requests.  In fact, as of the date of this Complaint, Defendant has produced no records and has failed to assert any claims that responsive records are exempt from production.

9.     Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

**A.    FGI'S FOIA REQUESTS FOR RECORDS REGARDING LOAN TO RIVIAN.**

10.    On May 30, 2025, FGI submitted a FOIA request online to DOE's Loan Programs Office.  *See* Exhibit A.  The request sought records from eleven specified custodians involving the following:

- "records to, from, or including anyone with or representing Rivian New Horizon LLC or its parent company, Rivian Automotive Inc."
- "records discussing Rivian New Horizon LLC or Rivian Automotive Inc."
- "records of reviews, studies, analysis, and discussion leading up to the announcement of the $6.57 billion loan to Rivian New Horizon LLC."

The time period covered by the FOIA request was October 1, 2022 until January 31, 2025.  The responsive records would provide increased transparency into the agency's operations.

11.    Also on May 30, 2025, FGI submitted a FOIA request online to DOE requesting the same records from specified custodians within the agency.  *See* Exhibit B.

12.    On August 26, 2025, Defendant notified FGI that it would be merging these two requests and placing them under one tracking number, No. HQ-2025-03202.  *See* Exhibit C.

13.    As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**B.    FGI'S FOIA REQUEST FOR RECORDS RELATED TO INCREASING THE LENDING POWER OF THE LOAN PROGRAMS OFFICE.**

14.    On December 9, 2024, FGI submitted a FOIA request online to Defendant.  *See* Exhibit D.  The request sought records relating to:

- Communications regarding increasing the lending power under the Energy Infrastructure Reinvestment program from $57 billion to $246 billion

- Analysis and communications related to the decision that certain future loans reflect a "relatively moderate risk profile in comparison to typical projects LPO finances with higher project risk"
- Analysis and communications related to the decision that such loans require "less credit subsidy"
- Discussions related to increasing the number of loans processed, approved, or otherwise acted up before January 3, 2025, or before January 20, 2025.

The request also sought records that included several search terms. The request sought the communications from the following custodians:

- Jigar Shah, Director
- Robert C. Marcum, Deputy Director
- Rebecca Kasper, Chief of Staff
- Christopher Creed, Chief Investment Officer
- Sheila Moynihan, Chief Operating Officer
- Todd Stribley, Director, Environmental Compliance
- Michael Reed, Director, Technical and Environmental Division
- Andrew McCabe, Director, Risk Management
- Hernan Cortes, Director, Loan Origination Division
- Phil Kangas, Director, Outreach and Business Development Division
- Rupinder Kaur, Director, Portfolio Management Division
- Rebecca Limmer, Chief Counsel
- John Sholhead, Director, Management and Operations

The time period covered by the FOIA request was June 27, 2024 until the search begins. The responsive records would provide increased transparency into the agency's decision-making processes.

15. In letter dated January 15, 2025, Defendant acknowledged receipt of the FOIA request and assigned the request number HQ-2025-01353-F. *See* Exhibit E.

16. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

4

**C.   FGI'S FOIA REQUEST FOR RECORDS RELATED TO REGULATION OF GAS STOVES AND OTHER GAS APPLIANCES.**

17.    On April 30, 2025, FGI submitted a FOIA request online to Defendant. *See* Exhibit F. The request sought "records of communications about studies, regulations, or potential legislation related to gas stoves or other gas appliances" involving the following custodians:

- Jennifer Granholm, former Secretary
- David Turk, former Deputy Secretary
- Christopher Davis, former Chief of Staff
- Carla Frisch, former Acting Executive Director, Office of Policy
- Jennifer Bumgarner, former Principal Deputy Assistant Secretary, Office of Congressional and Intergovernmental Affairs
- Amanda Finney, former Director, Office of Public Affairs
- Jeff Marootain, former Principal Deputy Assistant Secretary, Office of Energy Efficiency and Renewable Energy
- Alejandro Moreno, Associate Principal Deputy Assistant Secretary, Office of Energy Efficiency and Renewable Energy
- Katie Hendrickson, former Chief of Staff, Office of Energy Efficiency and Renewable Energy
- Anybody formerly serving in the position of External Affairs Director within the Office of Energy Efficiency and Renewable Energy

The time period covered by the FOIA request was January 1, 2024 until January 20, 2025. The responsive records would provide increased transparency into the agency's regulatory process.

18.    In a letter dated May 8, 2025, Defendant acknowledged receipt of the FOIA request and assigned the request number HQ-2025-03005-F. *See* Exhibit G.

19.    As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**

20.    Plaintiff realleges paragraphs 1 through 19 as though fully set forth herein.

21. Defendant has failed to make a determination regarding FGI's FOIA requests for records within the statutory time limit and is unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

22. FGI is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to FGI's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to FGI's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining the Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA requests;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

|   |   |
|---|---|
| |   /s/ Jeremiah L. Morgan<br>Jeremiah L. Morgan<br>(D.C. Bar No. 1012943)<br>William J. Olson<br>(D.C. Bar No. 233833)<br>William J. Olson, P.C.<br>370 Maple Avenue West, Suite 4<br>Vienna, VA 22180-5615<br>703-356-5070 (telephone)<br>703-356-5085 (fax)<br>jmorgan@lawandfreedom.com<br>*Counsel for Plaintiff* |
| Dated:  September 24, 2025 | FUNCTIONAL GOVERNMENT INITIATIVE |