UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF ENERGY, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 25-3413 (ABJ) |

## <u>DEFENDANT'S ERRATA TO ANSWER</u>

Defendant United States Department of Energy ("Department"), by and through undersigned counsel, files this Errata to its Answer to Complaint, ECF No. 5, to correct an inadvertent typographical error in paragraph 4 regarding the number assigned to the FOIA request. That number should state HQ-2025-01353-F and not HQ-2025-03005. The signature block has also been updated to reflect newly substituted counsel.

A  copy of the corrected Answer is attached to this Errata.


Dated: March 20, 2026               Respectfully submitted,

                                    JEANINE FERRIS PIRRO
                                    United States Attorney

                                    By:  */s/ Tara Derbisz*
                                    TARA DERBISZ
                                    Assistant United States Attorney
                                    601 D Street, NW
                                    Washington, DC 20530
                                    (202) 809-0784

                                    *Attorney for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:25-CV-3413 (CRC) |
| U.S. DEPARTMENT OF ENERGY, | ) ) | |
| Defendant. | ) ) ) ) | |

**AMENDED ANSWER**

Defendant United States Department of Energy ("Department"), by and through undersigned counsel, respectfully answers the Complaint, (ECF No. 1) filed by Plaintiff Functional Government Initiative ("FGI") on September 24, 2025. Defendant denies each and every allegation in the Complaint not expressly admitted herein. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

**COMPLAINT[1]**

The allegations in this unnumbered paragraph consist of Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to which no

---

[1]    Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint.  Although Defendant believes no response is required to such headings (Fed R. Civ. P.

response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under the FOIA.

## JURISDICTION AND VENUE

1.      The allegations contained in Paragraph 1 consist of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits that 5 U.S.C. § 552(a)(4)(B) and (a)(6)(C)(i) and 28 U.S.C. § 1331 govern jurisdiction in actions brought pursuant to the FOIA.

2.      The allegations contained in Paragraph 2 constitute Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits only that venue is proper in this judicial district.

## PARTIES

3.      The allegations contained in Paragraph 3 consist of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore they are denied.

4.      Defendant admits the allegations in Paragraph 4 in part. Defendant admits that the United States Department of Energy is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1000 Independence Ave., S.W., Washington, D.C. 20585. The remaining allegations contained in Paragraph 4 are legal conclusions, to which no response is required. To the extent a response is required, Defendant only admits a search was conducted for Plaintiff's request HQ-2025-01353-F and admits this sentence for that request only.

---

10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

For the remaining FOIA requests at issue in this complaint, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

## STATEMENT OF FACTS

5    This paragraph consists of legal conclusions and Plaintiff's characterization of the facts to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

6.    The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the provisions under the FOIA referenced in this paragraph for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

7.    Paragraph 7 contains Plaintiff's characterization of a statement by former Attorney General Merrick Garland, to which no response is required. To the extent a response is required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

8.    Paragraph 8 contains conclusions of law and Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant admits only that no records have been produced in response to Plaintiff's FOIA requests and denies all remaining allegations in this paragraph.

9.    The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

**A. FGI'S FOIA REQUESTS FOR RECORDS REGARDING LOAN TO RIVIAN**

10.     Defendant admits receiving Plaintiff's FOIA request dated May 30, 2025. The remaining allegations in Paragraph 10 contain Plaintiff's characterization of that FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

11.     Defendant admits receiving Plaintiff's second FOIA request dated May 30, 2025. The remaining allegations in Paragraph 11 constitute Plaintiff's characterization of that FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     Defendant admits that on August 26, 2025, it provided Plaintiff with a letter detailing its actions related to the two FOIA requests Defendant received from Plaintiff dated May 30, 2025. The remaining allegations in Paragraph 12 constitute Plaintiff's characterization of the letter, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

13.     Defendant admits as of the date of Plaintiff's Complaint, Defendant had not communicated with Plaintiff any final determinations made as to the FOIA requests and no records have been produced in response to Plaintiff's FOIA requests.

**B.     FGI'S FOIA REQUEST FOR RECORDS RELATED TO INCREASING THE LENDING POWER OF THE LOAN PROGRAMS OFFICE.**

14.     Defendant admits receiving Plaintiff's FOIA request dated December 9, 2024. The remaining allegations in Paragraph 14 contain Plaintiff's characterization of that FOIA request, to

which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

15.     Admit.

16.     Defendant admits as of the date of Plaintiff's Complaint, Defendant had not communicated with Plaintiff regarding any final determinations made as to the FOIA request and no records have been produced in response to Plaintiff's FOIA request.

**C.     FGI'S FOIA REQUEST FOR RECORDS RELATED TO REGULATION OF GAS STOVES AND OTHER GAS APPLIANCES.**

17.     Defendant admits receiving Plaintiff's FOIA request dated April 30, 2025. The remaining allegations in Paragraph 17 contain Plaintiff's characterization of that FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

18.     Admit.

19.     Defendant admits as of the date of Plaintiff's Complaint, Defendant had not communicated with Plaintiff regarding any final determinations made as to the FOIA request and no records have been produced in response to Plaintiff's FOIA request.

**CAUSE OF ACTION**

20.     Defendant reincorporates the preceding paragraphs 1-19.

21.     The allegations in Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

22.     The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

- 5 -

**PRAYER FOR RELIEF**

The remainder of the Complaint, starting with "WHEREFORE" and including subparagraphs (a)-(e), asserts Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein. Thus, Defendant denies all allegations in the Complaint, including the relief sought, except when specifically admitted in this Answer. Defendant respectfully reserves its right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**SECOND DEFENSE**

Plaintiff's claims should be dismissed to the extent Plaintiff's FOIA requests fail to reasonably describe the records sought or would be unduly burdensome to process.

**THIRD DEFENSE**

The Complaint should be dismissed to the extent it is based on a FOIA requests for which Plaintiff failed to exhaust administrative remedies or to the extent it asserts claims that were not administratively exhausted.

- 6 -

## **FOURTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

## **FIFTH DEFENSE**

Plaintiff is not entitled to compel the production of records that are exempt from disclosure in whole, or in part, under the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

## **SIXTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees and costs in this action.

## **SEVENTH DEFENSE**

Defendants have exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for some of Defendants to complete their processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

Dated: March 20, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Tara Derbisz*
    TARA DERBISZ
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 809-0784

*Attorney for the United States of America*